*J. C. Brookfield,* for appellant.

*T. E. Lines,* for appellee.

GRIFFIN SMITH, C. J. We review the court's action in rendering judgment and decreeing foreclosure.

July 14, 1930, O. N. and Ethel Marshall, husband and wife, borrowed $150 of Wynne Abstract Company. The loan was evidenced by two notes—one for $50, and one for $100. Interest was 10%. The notes were secured by trust deed on real property in Parkin.

July 7, 1932, Mrs. Zuby Henry purchased the Parkin property for $250.[1] The deed recites a cash payment of $50.

The note for $100 payable to Wynne Abstract Company had become the property of T. E. Lines, who pledged it to First National Bank of Wynne, but later reac-

---

[1] The agreement was that $50 should be paid in cash, a $50 credit should be given for a mare and colt, $100 due the Wynne Abstract Company, with interest of $20 was assumed, and the balance evidenced by note secured by vendor's lien for $30.

quired it. When Mrs. Henry bought the Marshall property she assumed this note, with interest of $20. Her contention is that the full consideration for purchase as expressed in the deed of July 7 had been paid. She insists that after paying $50 for which receipt is expressed in the deed she paid Lines $47.25 and took his receipt. When asked on cross-examination how the two payments were made she said: "I paid [$47.25] on that note and on that deed, and [Mr. Lines] gave me a receipt for it."[2]

Mrs. Henry testified she went to Lines' office to make payment on the old Wynne Abstract Company note, and ascertained that it was at the bank. She and Lines went to the bank. Payment of $50 is indorsed on the note. By this transaction Mrs. Henry claims to have discharged the obligation. The bank's receipt is shown in the footnote.[3]

Mrs. Henry testified she did not see the receipt written; that when it was handed to her it bore an indorsement showing the balance to be $74.25, and that she immediately took the matter up with her lawyer.

Lines testified he bought the $30 lien note for $5. In explanation of the transaction he said that Marshall and his wife came to his office and stated that Mrs. Henry had made a $13 payment, and since that time the note could not be found. A formal written assignment of the debt was made to Wynne Abstract Company, and Lines acquired the assignment.

The Parkin property sold for taxes and was certified to the state. It was purchased by Lines, who proposed to treat the purchase as a redemption. The offer was not accepted.

---

[2] The receipt recites: "July 7, 1932. Received of Zuby Henry $47.25 on O. N. Marshall on mortgage. Wynne Abstract Company. By T. E. Lines." In explanation of the odd amount, Mrs. Henry said: "Mr. Lines said he wanted $100. I went over to Parkin that afternoon and brought back $48.50. He kept $1.25 for interest and gave me a receipt for $47.25. I came back in ten days and paid $2.75, but I did not get any receipt for it."

[3] "Received of Zuby Henry $50 on the Oscar Marshall note. Balance due 11/14/1932 $74.25. First National Bank. By Albert Horner, Cashier." Indorsement on the $100 note held as collateral by the bank was: "Nov. 14, 1932. Paid interest on within note $24.25, to 11/14/1932. Nov. 14, 1932. Paid on within note $25.75. The principal of this note is extended to 11/14/1933, or one year from this date. Pay, without recourse, to T. E. Lines." [Signed by Horner, cashier.]

Mrs. Henry exhibited receipts she contended discharged the $30 note.[4]

If the payment of $47.25 evidenced by the receipt of July 7 represented the credit recited in the deed, Mrs. Henry owed the abstract company $120 she assumed. This note drew interest at 10%, although interest on the $30 note was at 8%. Credits on the $120 obligation were $50—$25.75 on principal and $24.25 interest. The receipt issued to Mrs. Henry July 7 shows the payment was intended for application on the Marshall mortgage.

The question is whether two payments were made by Mrs. Henry July 7. The chancellor found against this contention. We cannot say the determination was contrary to a preponderance of the evidence.

It seems clear, however, that the $30 note had been paid. The assignment to Lines was in November, 1936. Credits contended for by Mrs. Henry, as evidenced by the receipts, were in 1933. The note was past-due and had been lost when Lines took the assignment; and, of course, he was not an innocent purchaser.

Judgment on the assumed obligation of $120, with its incidents, is affirmed. Judgment on the $30 note is reversed and as to such claim the cause is dismissed. The cause arising from the obligation of $120, interest, redemption, taxes, etc., is remanded with directions that the correct amount due thereunder be determined, and that the deed of trust executed July 14, 1930, be foreclosed.

---

[4] One of the receipts was for $13, dated March 10, 1933. It was signed by Oscar Marshall and recites: "For note on house and lot." Another receipt was dated May 2, 1933. It was also signed by Marshall, and acknowledged payment of $6 "on note of one house and lot." The third receipt bears date of June 2, 1933, and was signed by Ethel Marshall. At that time $10 was paid. There is the indorsement: "Balance on note on house and lot."